[Cite as *State v. Dickerson*, 2013-Ohio-4345.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-249 |
| | | (C.P.C. No. 10CR-09-5617) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Regis L. Dickerson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 30, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Pritchard*, for appellee.

*Regis L. Dickerson*, pro se.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Regis L. Dickerson, from a judgment of the Franklin County Court of Common Pleas denying his petition to vacate or set aside judgment.

{¶ 2} On September 23, 2010, appellant was indicted on two counts of murder with firearm specifications. The matter was tried before a jury and, following deliberations, the jury returned verdicts finding appellant guilty of both counts of murder with the attendant firearm specifications. The trial court merged the murder counts and imposed a sentence of 18 years to life.

{¶ 3} Appellant appealed his conviction, raising two assignments of error in which he challenged the sufficiency and weight of the evidence supporting his convictions, and argued that the trial court erred by not allowing him to present exculpatory evidence.

In *State v. Dickerson,* 10th Dist. No. 11AP-789, 2012-Ohio-3268 ("*Dickerson I*"), this court overruled appellant's assignments of error and affirmed the judgment of the trial court.  Appellant subsequently filed a pro se application to reopen his appeal, which this court denied by memorandum decision in *State v. Dickerson,* 10th Dist. No. 11AP-789 (Feb. 14, 2013) ("*Dickerson II*").

{¶ 4}  On July 17, 2012, appellant filed a pro se petition to vacate or set aside the judgment of conviction, alleging the following nine claims for relief: (1) the state withheld the names and addresses of witnesses until the day of trial, (2) trial counsel's failure to object to the non-disclosure of witnesses constituted ineffective assistance of counsel, (3) the jury was exposed to prejudicial newspaper headlines which revealed appellant had previously been acquitted of murder, (4) the prosecution engaged in misconduct at trial by informing the jury that two individuals did not know each other, (5) trial counsel was ineffective in failing to investigate the name of a potential witness provided to counsel by appellant prior to trial, (6) trial counsel was ineffective in providing appellant misleading information regarding a plea bargain, (7) appellant was denied his right to due process because several members of the victim's family had lunch at the same restaurant as several of the jurors, (8) the state failed to provide the correct address of a key witness until after the start of the trial, and (9) trial counsel was ineffective in failing to call a potential witness, Tony Reno, to testify.

{¶ 5}  On July 30, 2012, the state filed a memorandum contra appellant's motion to vacate or set aside judgment, arguing that appellant had not provided sufficient evidence to warrant a hearing on the petition, that the claims should have been raised on direct appeal, and that appellant had failed to demonstrate ineffective assistance of trial counsel.  By decision and entry filed February 20, 2013, the trial court denied appellant's petition.

{¶ 6}  On appeal, appellant sets forth the following five assignments of error for this court's review:

> **FIRST ASSIGNMENT OF ERROR**
>
> THE LOWER COURT ERRED IN NOT GRANTING POSTCONVICTION RELIEF BASED ON APPELLANT'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL THEREBY DENYING HIM RIGHT TO COUNSEL

GUARANTEED BY THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION.

SECOND ASSIGNMENT OF ERROR

THE LOWER COURT ERRED IN NOT GRANTING POSTCONVICTION RELIEF BASED UPON APPELLANT'S CLAIM OF JUROR MISCONDUCT THEREBY DENYING HIM RIGHT TO AN IMPARTIAL JURY GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SIMILAR PROVISIONS OF THE OHIO CONSTITUTION.

THIRD ASSIGNMENT OF ERROR

THE LOWER COURT ERRED IN NOT GRANTING POSTCONVICTION RELIEF BASED ON APPELLANT'S FOURTH CLAIM FOR RELIEF, PROSECUTORIAL MISCONDUCT, THEREBY DENYING HIM DUE PROCESS OF LAW GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

FOURTH ASSIGNMENT OF ERROR

THE LOWER COURT ERRED IN NOT GRANTING RELIEF BASED ON APPELLANT'S SEVENTH CLAIM FOR POSTCONVICTION RELIEF THEREBY DENYING HIM RIGHT TO AN IMPARTIAL JURY GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SIMILAR PROVISION OF THE OHIO CONSTITUTION.

FIFTH ASSIGNMENT OF ERROR

THE LOWER COURT ERRED IN NOT GRANTING APPELLANT AN EVIDENTIARY HEARING THEREBY DENYING HIM DUE PROCESS AND EQUAL PROTECTION OF THE LAW GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SIMILAR PROVISIONS OF THE OHIO CONSTITUTION.

{¶ 7} Under his first assignment of error, appellant asserts the trial court erred in not granting his petition for post-conviction relief based on his claims of ineffective assistance of trial counsel. Under this assignment of error, appellant challenges the trial

court's ruling as to the first, second, third, fourth, fifth, eighth, and ninth claims set forth under his petition to vacate or set aside judgment.

{¶ 8} In general, a petition for post-conviction relief "is a statutory vehicle designed to correct the violation of a defendant's constitutional rights." *State v. Towler,* 10th Dist. No. 05AP-387, 2006-Ohio-2441, ¶ 6, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 28. The post-conviction relief process "is a civil collateral attack on a criminal judgment, not an appeal of that judgment," and thus a petition for post-conviction relief "does not provide a petitioner a second opportunity to litigate his or her conviction." *Id.* at ¶ 6. A trial court may dismiss a petition for post-conviction relief if the court determines that the doctrine of res judicata is applicable. *State v. Melhado,* 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 10, citing *State v. Aleshire*, 5th Dist. No. 2011-CA-99, 2012-Ohio-772, ¶ 21, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996). The doctrine of res judicata "precludes a defendant from raising an issue 'in a motion for postconviction relief if he or she could have raised the issue on direct appeal.' " *Melhado* at ¶ 10, quoting *State v. Reynolds,* 79 Ohio St.3d 158, 161 (1997). A trial court's decision granting or denying a petition for post-conviction relief will be upheld absent an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

{¶ 9} In order to prevail on a claim of ineffective assistance of counsel, a defendant is required to "show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *State v. Smith,* 89 Ohio St.3d 323, 327 (2000), citing *Strickland v. Washington,* 446 U.S. 668, 687 (1984). In order to establish prejudice, a defendant is required to prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley,* 42 Ohio St.3d, 136 (1989), paragraph three of the syllabus.

{¶ 10} In his first and second claims for relief, appellant argued before the trial court that the state refused to reveal the identities of its two key witnesses, Roshonna Perry and Mikaelle Edwards prior to the commencement of trial, and that trial counsel was ineffective in failing to object to the non-disclosure of this evidence. While acknowledging that the state invoked the procedures for non-disclosure, pursuant to Crim.R. 16(D), appellant argued that withholding discovery until the day of trial violated

his right to due process. He further argued in the petition that Crim.R. 16(D) was unconstitutional.

{¶ 11} In denying these two claims, the trial court determined that they could have been raised on direct appeal. We agree. Under Ohio law, where a defendant, "represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief." (Emphasis sic.) *State v. Cole,* 2 Ohio St.3d 112 (1982), syllabus, modifying *State v. Hester,* 45 Ohio St.2d 71 (1976).

{¶ 12} In the present case, appellant, who was represented by new counsel on appeal, could have raised Crim.R. 16 discovery issues, as well as trial counsel's handling of such issues on direct appeal. *See, e.g., State v. Hamilton,* 2d Dist. No. C.A. 3015 (Dec. 29, 1993) (defendant failed to offer any evidence dehors the record to establish ineffective assistance of counsel claim based on failure to disclose materials as required by Crim.R. 16); *State v. Wooten,* 10th Dist. No. 91AP-322 (Dec. 31, 1991) (non-compliance with Crim.R. 16 "is an appealable issue," and "*res judicata* precludes a defendant from asserting issues in post-conviction proceedings which could have been raised on direct appeal"). (Emphasis sic.)

{¶ 13} Furthermore, the issue as to the disclosure of these witnesses was previously raised by appellant and addressed by this court in the context of his application for reopening. Specifically, in *Dickerson II,* appellant argued that his appellate counsel was ineffective in not challenging the prosecution's failure to disclose the identification and witness statements of Perry and Edwards. This court held that appellant's argument "overlooks the fact that the state did provide both witnesses' names and summaries before trial." *Id.* at ¶ 10. We further noted that the defense interviewed Edwards prior to trial and that, while "the state withheld Perry's address, it informed the court that it did so based on threats she received that were believed to be directed by appellant." *Id.* Thus, we held that appellate counsel was "not required to dilute his existing assignments of error with such weak arguments." *Id.* Accordingly, the trial court in the instant case did not abuse its discretion in denying appellant's first and second claims.

{¶ 14} In his third claim for relief, appellant argued he was denied due process when the jury was exposed to newspaper headlines revealing he had previously been acquitted of murder. Appellant acknowledged that the trial court questioned one of the jurors at trial, but appellant maintained the trial court failed to ask follow-up questions, and that his trial counsel was ineffective in failing to object to the court's lack of an adequate inquiry.

{¶ 15} However, as noted by the trial court, this issue was previously raised by appellant in his application for reopening. In *Dickerson II* at ¶ 11, this court rejected appellant's claim that the trial court failed to conduct a complete inquiry with respect to the newspaper article at issue, holding in pertinent part:

> The trial court did conduct an inquiry as to whether any of the jurors "read or saw the article in the *Columbus Dispatch.*" (Tr. Vol. IV, 481.) One juror responded, "I saw it was there, but I didn't read it." (Tr. Vol. IV, 481.) The trial court then asked if anyone "read it at all," and, when no one responded, the trial court proceeded with closing arguments. (Tr. Vol. IV, 481.) The negative response given by the jury obviated the need to conduct any further inquiry.

{¶ 16} Accordingly, as this issue was raised and considered in appellant's application for reopening, the trial court did not err in denying the third claim as barred by res judicata.

{¶ 17} In his fourth and fifth claims, appellant argued that the prosecutor engaged in misconduct by misinforming the jury that Perry and Edwards did not know each other. In his petition, appellant argued he had informed his trial counsel that Inga McMorris was a potential defense witness available to testify. According to appellant, had trial counsel contacted McMorris, the defense would have been able to refute the state's assertion that Perry and Edwards did not know each other. In support, appellant submitted with his petition a "letter" containing the signature of McMorris in which McMorris states that Perry "was romantically involved with a woman named Mikki."

{¶ 18} Appellant does not indicate how the prosecution knew or should have known that Perry and Edwards were involved in a relationship at the time of trial. Arguably, however, the facts alleged by appellant as a basis for his claim of prosecutorial misconduct were known to him at trial and at the time for filing his direct appeal.

Further, even accepting the averments in the letter by McMorris, appellant has not demonstrated how defense counsel's failure to call this individual as a witness to show that Perry and Edwards knew each other would have resulted in a different outcome. Because appellant has failed to demonstrate prejudice, the trial court did not err in denying these claims.

{¶ 19} In his eighth claim for relief, appellant argued that the state failed to disclose the address of a key witness, Titus Turner. According to appellant, the state did not provide the correct address until after the start of the trial.

{¶ 20} The trial court denied this claim on the basis that it was previously considered. We agree. In appellant's application for reopening, appellant argued that the state failed to produce the correct address for Turner, "and that his trial counsel was ineffective for not requesting a continuance to locate Turner." *Dickerson II* at ¶ 14. In addressing that issue, this court held in relevant part:

> [A]ppellant concedes that the state, after discovering the error, provided him with Turner's correct address during trial. The transcript reveals that, after appellant's trial counsel verified the address, an investigator went to the residence only to discover it was vacant. Because the record shows that Turner's whereabouts were still unknown, we decline to assume that a mid-trial continuance would have necessarily uncovered Turner's whereabouts. * * * Even if appellant could show that his trial counsel was somehow deficient for not requesting such a continuance, appellant cannot show a reasonable probability of a different outcome had a continuance been requested, especially where Turner's purported testimony (that he identified someone other than appellant in the photo array) was contradicted by two witnesses who identified appellant in a photo array.

{¶ 21} Thus, this court previously determined that appellant could not demonstrate prejudice as a result of trial counsel's failure to request a continuance. Upon review, the trial court did not err in concluding that appellant's eighth claim for relief was barred by the doctrine of res judicata.

{¶ 22} In his ninth claim for relief, appellant argued that trial counsel was ineffective for failing to interview Tony Reno and call him as a witness. Appellant acknowledged, however, that Reno's statements to police were provided during discovery.

The trial court found that the issue under this claim could have been raised on direct appeal, and we agree that this claim was barred under the doctrine of res judicata.

{¶ 23} Based upon the foregoing, appellant's first assignment of error is not well-taken and is overruled.

{¶ 24} Under his second assignment of error, appellant contends he was derived of the right to a fair trial based upon the jury's exposure to prejudicial newspaper headlines. Having previously addressed this issue (appellant's third claim for relief) under the prior assignment of error, appellant's second assignment of error is without merit and is overruled.

{¶ 25} Similarly, the issue raised under appellant's third assignment of error, in which he contends the prosecution sh0uld have known that Perry and Edwards had a relationship has been addressed and rejected under the first assignment of error. Accordingly, appellant's third assignment of error is overruled.

{¶ 26} Under his fourth assignment of error, appellant asserts he was deprived a fair trial because family members of the victim had lunch at the same restaurant as some of the jurors. Appellant raised this issue in his petition as his seventh claim for relief, asserting that, during a break in jury deliberations on May 13, 2011, several members of the jury, as well as members of the victim's family, had lunch at the same Subway restaurant located across the street from the courthouse. In support, appellant submitted two letters, one from Mykesha Loney, the girlfriend of appellant who testified at trial and the other from Tierra Coates. In the letters, Loney and Coates both state that they observed family members of the victim and some of the jurors having lunch at a local Subway restaurant. In her letter, Loney states that this fact was related to counsel for appellant. The letter by Coates states that she and Loney followed these individuals toward the restaurant, and that "[w]e overheard" the victim's family and friends discuss appellant's previous case in which he was acquitted.

{¶ 27} The trial court determined that this issue could have been raised on direct appeal, and we agree. Furthermore, apart from claims that members of the victim's family and several jurors were in the same restaurant or vicinity, the letters by Coates and Loney present no evidence of any conversations or improper communications between jury members and the victim's family. Mere speculation that jurors and family members

may have spoken or that jurors may have overheard purported conversations is insufficient to show prejudice under *Strickland.* *See State v. Flynn,* 9th Dist. No. 06CA0096-M, 2007-Ohio-6210, ¶ 24, citing *State v. Downing*, 9th Dist. No. 22012, 2004-Ohio-5952, ¶ 27 ("A defendant must demonstrate actual prejudice, and speculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel"); *State v. Halley,* 4th Dist. No. 10CA13, 2012-Ohio-1625, ¶ 25 ("the prejudice prong of *Strickland* must be affirmatively proven rather than simply assumed"). Accordingly, the trial court did not err in denying appellant's seventh claim for relief.

{¶ 28} Appellant's fourth assignment of error is without merit and is overruled.  `

{¶ 29} Under his fifth assignment of error, appellant contends that the trial court erred in not providing him an evidentiary hearing on the petition.  A defendant, however, is not automatically entitled to an evidentiary hearing on a petition for post-conviction relief.  *State v. Sidibeh,* 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 13, citing *State v. Jackson,* 64 Ohio St.2d 107, 110 (1980).  Rather, "[a] trial court may deny a defendant's petition for postconviction relief without an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief."  Further, "[a] petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of *res judicata.*"  (Emphasis sic.)  *State v. Watson* 126 Ohio App.3d 316, 324 (10th Dist.1998), citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 30} In the present case, because appellant failed to present substantive grounds for relief, and where many of the claims were barred by the doctrine of res judicata, the trial court did not err in denying appellant an evidentiary hearing on the petition. Accordingly, appellant's fifth assignment of error is without merit and is overruled.

{¶ 31} Based upon the foregoing, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KLATT, P.J., and SADLER, J., concur.

_____