[Cite as *State v. Bubenchik*, 2016-Ohio-7289.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2016 CA 00086 |
| STEVEN P. BUBENCHIK, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  2013 CR 01293


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     October 11, 2016


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
RENEE M. WATSON
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

For Defendant-Appellant

STEVEN P. BUBENCHIK, JR.
MANSFIELD CORR. INSTITUTION
Post Office Box 788
Mansfield, Ohio  44901

*Wise, J.*

**{¶1}** Appellant Steven P. Bubenchik, Jr. appeals from the decision of the Court of Common Pleas, Stark County, which denied his petition for post-conviction relief and his two ancillary motions, pertaining to his 2013 convictions for attempted murder, felonious assault, and other offenses and/or specifications. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**{¶2}** On the evening of August 8, 2013, officers from the Massillon Police Department went to appellant's residence to conduct a check on his welfare, having been informed by appellant's estranged wife that she had received a potentially suicidal voice mail message from him about seeing her in the "next lifetime." Officers Rogers, Alexander and Riccio responded to the Geiger Avenue SW address, but they left after seeing no lights on and no movement inside. Later that evening, obtaining the assistance of appellant's parents, the officers returned, with Sergeant Smith in charge. Ultimately, the parents indicated that they wanted the officers to enter appellant's house.

**{¶3}** As the officers commenced their entry procedures, a gunshot sounded from inside. Officer Riccio came back outside, and all the officers scattered for cover. A man, later identified as appellant's brother, ran out the front door and was taken to the ground and handcuffed. In the meantime, appellant leaned out a window with a firearm, yelling that he was "going to kill you motherfuckers." Appellant then began shooting at the officers from the window. The officers did not return fire, fearing someone else was inside. A SWAT team was called, and after about three hours of negotiations, appellant put down his pistol and surrendered.

{¶4} Appellant was subsequently charged with three counts of attempted murder and three counts of felonious assault, all with repeat violent offender specifications and firearm specifications, and one count of having weapons under a disability.[1] Prior to trial, appellant filed a motion to suppress, which was overruled by the trial court.

{¶5} The case proceeded to a jury trial commencing on December 10, 2013. The jury subsequently found appellant not guilty of attempted murder as to Officer Riccio and Sergeant Smith, guilty of attempted murder as to Officer McConnell (another officer who had reported to the scene), guilty of felonious assault as to all three officers, and guilty of having weapons under a disability. The trial court merged the felonious assault conviction with the attempted murder conviction as to Officer McConnell. Appellant was sentenced to eleven years in prison for attempted murder, eleven years for each felonious assault, thirty-six months for having weapons under a disability (to run concurrently), nine years in prison on the three firearm specifications and two years in prison on each repeat violent offender specification, for a total sentence of forty-eight years.

{¶6} Appellant then filed a direct appeal to this Court, challenging as his sole assigned error the trial court's decision to overrule his motion to suppress. On November 14, 2014, we affirmed appellant's convictions. *See State v. Bubenchik*, 5th Dist. Stark No. 2014CA00020, 2014-Ohio-5056. The Ohio Supreme Court thereafter declined to accept the case for further appeal.

{¶7} On December 8, 2014, appellant filed in the trial court a *pro se* petition for post-conviction relief, as well as a request for appointed counsel and a ballistics expert.

---

[1] Two additional counts related to events from a different time frame were on the indictment, but these were handled separately via a plea.

On August 13, 2015, appellant filed a motion to amend his prior petition. In both instances, appellant asserted ineffective assistance of trial counsel. On January 29, 2016, the State filed a response to the petition, as well as a motion to dismiss and a motion for summary judgment.[2] Appellant filed a reply on March 1, 2016.

{¶8} On April 5, 2016, the trial court issued a judgment entry denying appellant's petition and corresponding motions, essentially finding that he had failed to support his post-conviction claims and that his arguments were additionally barred by the doctrine of *res judicata.*

{¶9} On April 25, 2016, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶10} "I. THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION IN NOT HOLDING AN EVIDENTARY [SIC] HEARING."

I.

{¶11} In his sole Assignment of Error, appellant contends the trial court erred in not granting him an evidentiary hearing on his PCR petition and amended petition. We disagree.

{¶12} A defendant is entitled to post-conviction relief under R.C. 2953.21 only upon a showing of a violation of constitutional dimension that occurred at the time the defendant was tried and convicted. *State v. Powell* (1993), 90 Ohio App.3d 260, 264, 629 N.E.2d 13, 16. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Wilhelm,* 5th Dist. Knox No. 05–CA–31,

---

[2] In said response, the State did not contest the timeliness of appellant's PCR petition(s).

2006–Ohio–2450, ¶ 10, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. In reviewing a trial court's denial of an appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. *State v. Delgado, 8th Dist.* Cuyahoga No. 72288, 1998 WL 241988, citing *State v. Mitchell* (1988), 53 Ohio App.3d 117, 559 N.E.2d 1370. When a defendant files a post-conviction petition pursuant to R.C. 2953.21, the trial court must grant an evidentiary hearing unless it determines that "the files and records of the case show the petitioner is not entitled to relief." *See* R.C. 2953.21(E). We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction petition without a hearing. *State v. Holland*, 5th Dist. Licking No. 12–CA–56, 2013-Ohio-905, ¶ 17. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶13}** The test for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See, also State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. There is essentially a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, the trial court must determine whether counsel's assistance was ineffective; *i.e.*, whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If the court finds ineffective assistance of counsel, it must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial

is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

**{¶14}** In the case *sub judice*, appellant first contends that information from the BCI investigation reports, certain photographs and/or diagrams (allegedly "withheld" by his trial counsel), and testimony from one of the police officers during the preliminary hearing would support his ineffective assistance claims. He also makes a cryptic assertion that "[t]estimony appellant gave during trial is consistent with the B.C.I. Report and was not presented to the Jurors." Appellant's Brief at 4.

**{¶15}** However, under the doctrine of *res judicata*, a final judgment of conviction bars a defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Callahan*, 7th Dist. Mahoning No. 12 MA 173, 2013-Ohio-5864, ¶ 9, quoting *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Conversely, issues properly raised in a post-conviction petition are those that could not have been raised on direct appeal because the evidence supporting the issue is outside the record. *State v. Snelling*, 5th Dist. Richland No. 14CA19, 2014-Ohio-4614, ¶ 30. In other words, "[u]nder Ohio law, where a defendant, 'represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief.' " *State v. Dickerson*, 10th Dist. Franklin No. 13AP-249, 2013-Ohio-4345, ¶ 11, quoting *State*

*v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), syllabus, modifying *State v. Hester,* 45 Ohio St.2d 71, 341 N.E.2d 304 (1976).

{¶16} In its response brief, the State directs us to the discovery receipt document from the trial court file, dated October 21, 2013, which indicates the crime scene photographs and/or diagrams were provided by the State in pre-trial discovery. Furthermore, a large number of such photographs and a "scene diagram" were submitted to the trial court as part of the State's exhibits, and as such would not be *dehors* the record. *See* Tr. at 722-726. Finally, appellant does not reveal why the referenced preliminary hearing or trial testimony should be considered as outside of the trial court record. We therefore find no abuse of discretion in the trial court's application of the doctrine of *res judicata* to deny the aforesaid claims without a hearing.

{¶17} In regard to the aforesaid BCI reports, the record would again reflect that these documents were provided in discovery, although we do not presently ascertain that they were referenced as part of the trial exhibits. Appellant herein essentially asserts that said investigative reports reveal several discrepancies in the State's case as to where certain bullet fragments were found and which officers and police vehicles were targeted. However, assuming arguendo this information is indeed *dehors* the record and not blocked by *res judicata*, appellant fails to persuade us that his defense was thereby prejudiced on this point. *Strickland, supra.* It has been aptly stated that "the evidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond

mere hypothesis and a desire for further discovery." *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 WL 74756.

{¶18} Appellant secondly contends that his trial counsel was ineffective for allegedly failing to interview various witnesses and/or police officers, procure a ballistics expert, and adequately communicate with appellant. Assuming *arguendo* trial counsel did not pursue sufficient pretrial investigation as alleged herein by appellant, a particular decision by a trial attorney not to investigate an issue must be assessed for reasonableness in light of all the circumstances, with the application of "a heavy measure of deference to counsel's judgments." *See Kimmelman v. Morrison* (1986), 477 U.S. 365, 384, 106 S.Ct. 2574. Furthermore, this Court has recognized that "* * * complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *State v. Phillips,* 5th Dist. Stark No. 2010CA00338, 2011–Ohio–6569, ¶ 26, quoting *Buckelew v. United States* (5th Cir.1978), 575 F.2d 515, 521 (internal quotation marks omitted).

{¶19} We find appellant in this regard has chiefly relied on the self-serving memorandum he presented with his petition and his present undeveloped suggestion that the aforesaid evidence would have revealed discrepancies in his case. Appellant thus fails to demonstrate in what manner he was prejudiced by trial counsel's performance. Upon review of the record and the post-conviction pleadings, we hold the trial court did not abuse its discretion in denying appellant's petition and amended petition for post-conviction relief without conducting an evidentiary hearing.

**{¶20}** Appellant's sole Assignment of Error is therefore overruled.

**{¶21}** For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Gwin, J., concur.

JWW/d 0928