[Cite as *State v. Alkhatib*, 2017-Ohio-164.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| | JUDGES: |
| STATE OF OHIO | Hon. W. Scott Gwin, P. J. |
| | Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2016 CA 00104 |
| HEITHAM M. ALKHATIB | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:            Criminal Appeal from the Court of Common
                                   Pleas, Case No.  2014 CR 00921

JUDGMENT:                          Affirmed

DATE OF JUDGMENT ENTRY:            January 17, 2017

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

JOHN D. FERRERO                             MICHAEL T. CALLAHAN
PROECUTING ATTORNEY                         The Delaware Building
RONALD MARK CALDWELL                        137 South Main Street
ASSISTANT PROSECUTOR                        Suite 300
110 Central Plaza South, Suite 510          Akron, Ohio  44308
Canton, Ohio  44702-1413

*Wise, J.*

{¶1} Appellant Heitham Alkhatib appeals from the denial of his post-conviction petition to vacate his sentence, in the Court of Common Pleas, Stark County, pertaining to his 2015 conviction for burglary. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On May 30, 2014, A.R. was sleeping inside her apartment in Alliance, Ohio, after her boyfriend departed for work at about 5:30 A.M. She awoke to find her neighbor, Appellant Alkhatib, in her bed, fondling her upper thigh and buttock area. A.R. jumped out of bed and screamed at him, at which time appellant ran out of the bedroom. A.R. chased appellant out of the apartment, locked the door behind him, and called 911.

{¶3} Appellant, who also operated a convenience store and gas station across the street from the apartment complex, had attempted several unwanted romantic pursuits of A.R. during the time they were neighbors. At one point, A.R. had observed a sign in appellant's kitchen window, facing her parking area, which said "whore." A.R. notified the landlord of the incident and showed him a picture of the sign. The landlord told appellant to leave A.R. alone. A.R. subsequently found an unsigned note of apology in her mailbox.

{¶4} On the morning of the incident in A.R.'s apartment, Officer William Johnson of the Alliance Police Department was in the area and was dispatched to the complex for a possible sexual assault. As he approached, he observed appellant walking from the direction of A.R.'s apartment around the corner to his own porch and into his apartment. When Johnson spoke with A.R. at her apartment, she identified and described appellant as the intruder despite not knowing appellant's name. The description she provided

matched the man Johnson observed upon his arrival. Johnson then knocked on appellant's apartment door. Appellant came to the door in blue pajama pants and no shoes.

{¶5} Johnson thereupon arrested appellant and read him his *Miranda* rights, After Johnson placed appellant in the back of his police cruiser, A.R. identified appellant as the intruder. Appellant was then transported to the Alliance Police Department. Johnson and another officer detected the odor of an alcoholic beverage on appellant's person. Appellant said he had consumed three or four beers, but he was coherent and able to walk. Appellant asked if there was something he could do so he wouldn't go to jail.

{¶6} Appellant was thereafter charged by indictment with one count of burglary, R.C. 2911.12(A)(2), a felony of the second degree and one count of sexual imposition, R.C. 2907.06(A)(1), a misdemeanor of the third degree. The aforesaid second count was later dismissed upon motion of the State.

{¶7} Appellant waived his right to trial by jury and the matter proceeded to a bench trial. The trial court found appellant guilty upon the sole count of burglary. Appellant was sentenced to a prison term of five years.

{¶8} Appellant filed a direct appeal to this Court, raising issues as to the admissibility of the victim's identification of him at the scene of the burglary, whether probable cause supported his arrest, and whether his conviction was against the manifest weight the evidence. On September 14, 2015, we affirmed his conviction. *See State v. Alkhatib*, 5th Dist. Stark No. 2014CA000212, 2015-Ohio-4094.

{¶9} Subsequently, appellant filed a petition to vacate or set aside sentence under R.C. 2953.21, with a request for an evidentiary hearing. The trial court denied the petition, without conducting a hearing, on April 28, 2016.

{¶10} On May 25, 2016, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S POST CONVICTION PETITION WITHOUT A HEARING BECAUSE HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION DUE TO TRIAL COUNSEL'S FAILURE TO PRESENT AN AVAILABLE WITNESS WHO HAD DIRECT KNOWLEDGE OF THE APPELLANT'S INNOCENCE

{¶12} "II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S POST-CONVICTION PETITION WITHOUT A HEARING AND FINDING THAT IT IS PROPER FOR A TRIAL COURT TO ADOPT THE APPELLEE'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AS IT'S [SIC] OWN, EVEN THOUGH THE APPELLANT SUPPORTED HIS PETITION WITH SWORN AFFIDAVITS; THEREBY DENYING PETITIONER A MEANINGFUL REVIEW OF HIS PETITION.

{¶13} "III. THE TRIAL COURT ERRED IN ACTING AS TRIER OF FACT IN THE APPELLANT'S TRIAL BECAUSE SHE HAD A DIRECT CONFLICT DUE TO HER SPOUSE BEING EMPLOYED BY THE ALLIANCE POLICE DEPARTMENT WHICH ARRESTED AND ACTIVELY PROSECUTED THE APPELLANT."

I.

{¶14} In his First Assignment of Error, appellant contends the trial court erred in dismissing his petition for post-conviction relief without a hearing, based on his claim of ineffective assistance of trial counsel. We disagree.

{¶15} It is well-settled that a petition for post-conviction relief brought pursuant to R.C. 2953.21 will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. *State v. Jackson,* 5th Dist. Delaware Nos. 04CA–A–11–078, 04CA–A–11–079, 2005–Ohio–5173, ¶ 13, citing *State v. Walden* (1984), 19 Ohio App.3d 141, 146, 483 N.E.2d 859. A defendant is entitled to post-conviction relief only upon a showing of a violation of constitutional dimension that occurred at the time that the defendant was tried and convicted. *State v. Powell* (1993), 90 Ohio App.3d 260, 264, 629 N.E.2d 13, 16. In reviewing a trial court's denial of appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. *State v. Delgado, 8th Dist.* Cuyahoga No. 72288, 1998 WL 72288, citing *State v. Mitchell* (1988), 53 Ohio App.3d 117, 559 N.E.2d 1370. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶16} The test for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *See, also State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. There is essentially a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, the trial court must determine whether counsel's assistance was ineffective; *i.e.,* whether counsel's

performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If the court finds ineffective assistance of counsel, it must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶17} However, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

{¶18} Furthermore, the Ohio Supreme Court has recognized: "In post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor,* 112 Ohio St.3d 377, 388, 860 N.E.2d 77, 2006–Ohio–6679, ¶ 51. As an appellate court reviewing a trial court's decision in regard to the "gatekeeping" function in this context, we apply an abuse-of-discretion standard. *See id.* at ¶ 52, citing *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E.2d 905. *Accord State v. Scott,* 5th Dist. Stark No. 2006CA00090, 2006–Ohio–4694, ¶ 34.

*Appellant's Claims of Ineffective Assistance of Trial Counsel*

{¶19} Although the text of appellant's assigned error references "an available witness" in the singular, appellant herein focuses on his claim that his trial counsel failed to investigate and/or present the testimony of two witnesses in his defense: appellant's girlfriend and one of appellant's neighbors.

*Potential Witness Stella Downin*

**{¶20}** Appellant argues that his trial counsel was ineffective for not investigating appellant's girlfriend, Stella Downin, as a potential defense witness. According to a proffered affidavit signed by Downin, on the evening of May 29, 2014, she and appellant came home from working at the nearby convenience store at about 11:30 PM, after having a late dinner at a restaurant. Appellant and Downin then watched television until about 2:00 AM, during which time he consumed at least four 24-ounce cans of beer. According to Downin, appellant arose at an unspecified time after daybreak, went out to his car to get some cigarettes, and "was gone only a few minutes before he got back in bed." Affidavit of Stella Downin at paragraph 8. Downin averred that the trip out to the car was the only time appellant left their apartment during the time frame in question. Downin also averred that she and appellant had had "several issues" with A.R. in the three years she had lived in the apartment above theirs, including noise, different men coming to the apartment late at night, and parking disputes, such that Downin avoided eye contact and conversation with A.R.

*Potential Witness Tonika Clayton*

**{¶21}** Appellant also argues that his trial counsel was ineffective for not investigating appellant's neighbor, Tonika Clayton, as a potential defense witness. According to a proffered affidavit signed by Clayton, she was looking out of a window in her apartment while charging her phone at some point after about 3:30 AM on the date of incident at A.R.'s apartment. Clayton averred that "sometime later," she saw appellant exit his apartment, go to his car to retrieve something, and then return to his apartment. Affidavit of Tonika Clayton at paragraphs 18-19. Clayton then recalled via her affidavit

that at the point in time that appellant had just reached his porch, she left the room to go the bathroom. When she returned to one of her windows, she saw the police car and lights, and the police going to appellant's apartment. She described appellant as "always very polite and very nice," but she averred she had had problems with A.R. in the past, including an alleged propensity to "walk around her apartment with little to no clothes." Clayton Affidavit at paragraphs 7 and 8.

### Analysis

{¶22} By statute, before granting a hearing on a PCR petition, the trial court in the case *sub judice* was required to determine whether there were substantive grounds for relief, which necessarily included balancing the above averments with the evidence in the trial record. *See* R.C. 2953.21(C). The proposed testimony of Downin and Clayton proposes a version of events in which appellant had little or no opportunity to make his way to A.R.'s apartment during the early morning of May 30, 2014, directly contradicting not only A.R.'s testimony, but also Officer Johnson, the responding police officer, who had corroborated A.R.'s testimony regarding the identification and description of her intruder. The trial transcript reveals that A.R.'s said description at the scene matched the clothes and appearance of appellant, whom the officer had seen coming from the area leading to A.R.'s apartment and not from his car. Appellant, by bringing his post-conviction petition, essentially faced the burden of showing with reasonable probability that the proposed testimony of the two uncalled witnesses, one of whom was the long-time girlfriend of appellant and both of whom had had an inauspicious history with A.R., would have persuaded the trial court, as the trier of fact in the 2014 bench trial, to come to the

conclusion that A.R. and Officer Johnson were lying or grossly mistaken in their testimony.

*Conclusion*

**{¶23}** In addressing PCR claims, we remain mindful that "[a] defendant is entitled to a fair trial but not a perfect one." *See State v. Bleigh,* 5th Dist. Delaware No. 09–CAA–03–0031, 2010–Ohio–1182, ¶ 133, quoting *Bruton v. United States* (1968), 391 U.S. 123, 135–136, 88 S.Ct. 1620, 20 L.Ed.2d 476 (internal quotations omitted). Furthermore, an attorney's decision on whether or not to call a witness generally falls within the rubric of trial strategy and will not be second-guessed by a reviewing court. *See State v. Messer–Tomak,* 10th Dist. Franklin No. 10AP–847, 2011–Ohio–3700, ¶ 32, citing *State v. Treesh,* 90 Ohio St.3d 460, 490, 739 N.E.2d 749 (2001) (internal quotation marks omitted). In the case *sub judice,* we are unable to conclude the trial court's conclusions in regard to the two proposed witnesses and their potential credibility were unreasonable, arbitrary, or unconscionable. Therefore, upon review, we hold the trial court did not abuse its discretion in denying appellant's petition for post-conviction relief without a hearing.

**{¶24}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶25}** In his Second Assignment of Error, appellant contends the trial court failed to provide a meaningful review of his PCR petition and its accompanying affidavits by declining to hold a hearing and by adopting by reference in its judgment entry the State's memorandum in response. We disagree.

**{¶26}** A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to

an evidentiary hearing on the petition. *State v. Wilhelm,* 5th Dist. Knox No. 05–CA–31, 2006–Ohio–2450, ¶ 10, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. To make the determination as to holding a hearing, the court must consider the petition, supporting affidavits, and files and records, including, but not limited to, the indictment, journal entries, clerk's records, and transcript of the proceedings. *See* R.C. 2953.21(C). Among the factors a trial court should consider in determining the credibility of supporting affidavits in post-conviction relief proceedings are (1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. *State v. Garner*, 5th Dist. Stark No. 2011–CA–00075, 2011-Ohio-5582, ¶ 40, quoting *State v. Calhoun, supra.*

**{¶27}** Pursuant to R.C. 2953.21, if a trial court dismisses a petition for post-conviction relief without a hearing it must provide findings of fact and conclusions of law as to why the petition was dismissed. *State v. Staats*, 5th Dist. Stark No. 2015CA00207, 2016-Ohio-2921, ¶19, citing *State v. Lester,* 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus. In the case *sub judice*, in lieu of issuing formal findings of fact and conclusions of law, the trial court "[u]pon full review, *** adopt[ed] the Memorandum contained in the State of Ohio's response to Defendant's petition." Judgment Entry, April 28, 2016, at 1. However, we have recognized that the utilization by a trial court of such a procedure in ruling upon a post-conviction petition does not

necessarily violate an appellant's right to due process and meaningful review. *See State v. Scott*, 5th Dist. Stark No. 2005CA00028, 2006-Ohio-257, ¶ 16.

**{¶28}** A presumption of regularity attaches to all trial court proceedings. *See, e.g., Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763. In the case *sub judice*, while some of the *Calhoun* factors appear to favor appellant's position, we are unpersuaded upon review that the trial court judge, who also conducted appellant's 2014 bench trial, failed to duly review appellant's petition, and we find no abuse of discretion in the trial court's decision to rule thereon without conducting a hearing.

**{¶29}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶30}** In his Third Assignment of Error, appellant contends the trial court erred in conducting a bench trial in this matter based on an alleged conflict of interest by the trial court judge, who is married to a sergeant in the Alliance Police Department.

**{¶31}** As an initial matter, we note appellant in part presents his argument on this issue as part of an "ineffective assistance" claim, even though the text of his Third Assignment of Error does not reflect this. Clearly, appellant's general claim of conflict of interest by the trial court judge is no longer timely, leaving us to focus on the ineffective assistance aspect of this issue.

**{¶32}** However, appellant faces additional procedural hurdles at this point. Our review of the PCR petition indicates that appellant did not therein argue the present "conflict of interest" claim. Generally, the failure to raise an issue in a petition for post-conviction relief results in a waiver of the right to assert the issue on appeal. *See State v. Barb*, 8th Dist. Cuyahoga No. 94054, 2010-Ohio-5239, ¶ 25. Furthermore, "issues properly

raised in a post-conviction petition are those that could not have been raised on direct appeal because the evidence supporting the issue is outside the record." *State v. Bubenchik*, 5th Dist. Stark No. 2016 CA 00086, 2016-Ohio-7289, ¶ 15, citing *State v. Snelling,* 5th Dist. Richland No. 14CA19, 2014–Ohio–4614, ¶ 30. There is no dispute that the trial court judge, immediately before the start of the 2014 proceedings, had fully disclosed on the trial record the existence of her husband's employment as a police officer in Alliance. Trial Tr. at 7-8.[1] Appellant thus could have raised his present concerns as part of an ineffective assistance argument in his direct appeal.

**{¶33}** As such, the doctrines of waiver and *res judicata* require that we deny further consideration of appellant's Third Assignment of Error.

**{¶34}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0104

---

[1]    The judge also noted at that time that her husband was in no way involved with appellant's case. *Id.*