[Cite as *In re C.C.*, 2011-Ohio-1879.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

IN THE MATTER OF:                              :

C.C.                                          :    Case No.   10CA44

ADJUDICATED DELINQUENT CHILD.                  :    DECISION AND JUDGMENT ENTRY

                                              :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        Paul David Knipp, 311 South Third Street, P.O. Box 4630,
                              Ironton, Ohio 45638

COUNSEL FOR APPELLEE:         J.B. Collier, Jr., Lawrence County Prosecuting Attorney,
                              and Kevin J. Waldo, Lawrence County Assistant
                              Prosecuting Attorney, Lawrence County Courthouse, 1
                              Veteran's Square, Ironton, Ohio 45638

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-11-11

ABELE, J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court,

Probate-Juvenile Division, judgment that revoked probation previously imposed on C.C. (dob

8-18-93), and committed him to the Lawrence County Juvenile Center's care.   Appellant's

counsel has advised us that he has reviewed the record and can discern no meritorious claims on

appeal.   Thus, pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d

493, counsel requests, and we hereby grant, leave to withdraw.   Appellate counsel further

suggests, however, the following "potential assignments of error" that may warrant examination:

FIRST ASSIGNMENT OF ERROR:

"WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND C.C. DELINQUENT IN VIOLATION OF THE TERMS OF HIS PROBATION WHEN THE TESTIMONY COULD NOT ESTABLISH THAT HE WAS INTOXICATED[.]"

SECOND ASSIGNMENT OF ERROR:

"WHETHER C.C.'S RIGHT TO PHONE CONTACT WITH HIS FATHER, PURSUANT TO JUV.R. 7(E)(2), WAS IMPROPERLY DENIED[.]"

THIRD ASSIGNMENT OF ERROR:

"WHETHER C.C.'S DUE PROCESS RIGHTS, AS PROVIDED BY THE 5[TH] AMENDMENT TO THE U.S. CONSTITUTION, WERE VIOLATED WHEN THE TRIAL COURT PROCEEDED TO TRIAL ON THE MOTION TO REVOKE C.C.'S PROBATION AFTER DISMISSING [TWO OTHER CASES FILED AGAINST HIM.]"

FOURTH ASSIGNMENT OF ERROR:

"WHETHER C.C.'S TRIAL COUNSEL WAS INEFFECTIVE."


{¶ 2}    On May 7, 2010, a complaint was filed that alleged C.C. to be a delinquent child for having punched another boy at school in violation of R.C. 2152.02(F)(2) & R.C. 2903.13. C.C. was later adjudicated a delinquent child.   The trial court, inter alia, sentenced C.C. to serve six months community control (probation).   One condition of community control is a prohibition from using drugs or alcohol.

{¶ 3}    On September 3, 2010, C.C.'s probation officer requested community control be revoked because he admitted to alcohol use.   At the hearing to consider the request, Greg Bowman, Assistant Principal at Collins Career Center, and Charles Hammond, Forensic Science

Teacher at the School, testified that they spoke with C.C. one day at school and he admitted to drinking alcohol. Although Hammond could not say whether C.C. was actually intoxicated at the time of the interview, he related that C.C. admitted to drinking vodka the previous night.

{¶ 4} The trial court adjudicated C.C. a delinquent child for the probation violation and sentenced him to "a period of six month rehab" at the Lawrence County Juvenile Center. This appeal followed.

## I

{¶ 5} In the first potential assignment of error, counsel asserts that the trial court might have erred by finding that C.C. violated probation because insufficient evidence supported the finding that he was intoxicated when he spoke to Bowman and Hammond. Although we agree that the evidence concerning intoxication is inconclusive, we disagree that this is the reason that he violated his probation.

{¶ 6} The terms of probation prohibited C.C. from using alcohol. Whether he was intoxicated when he spoke to Bowman and Hammond is irrelevant. C.C. admitted to two school officials that he consumed alcohol, and told Hammond that the alcohol was vodka. This is sufficient to find that C.C. violated the terms of his probation. Thus, the first potential assignment of error is without merit.

## II

{¶ 7} The second potential assignment of error suggests that C.C. may have been denied "his right to phone contact with his father, pursuant to Juv.R. 7(E)(2)." This rule provides that when a child has been admitted to detention or shelter care the admissions officer shall, inter alia, "[a]dvise the child of the right to telephone parents . . ." Id. We, however, reject this potential

assignment of error for two reasons.

{¶ 8}   First, we find no evidence that C.C. was admitted to a detention facility during the pendency of the trial court proceedings, and he makes no mention of any such admission in his brief's statement of facts.   Second, even if we assume C.C. was admitted to a detention facility, and if we further assume that he was denied phone contact with his father, we fail to see how this would negate a probation violation.   Thus, the second potential assignment of error is without merit.

### III

{¶ 9}   In his third possible assignment of error, appellate counsel suggests that C.C.'s Fifth Amendment right to "due process" may have been violated when hearing on the motion to revoke probation occurred after the prosecutor dismissed two other cases.   We disagree with this view, however.   C.C., his father and trial counsel all knew that the motion was to be heard that day.   There is no indication of surprise and we see no prejudice.   It is true that the two additional delinquency charges against C.C. were dismissed, but this would appear inure to his benefit rather than his detriment.   For these reasons, we find no merit to this potential assignment of error.

### IV

{¶ 10}  The fourth potential assignment of error suggests that C.C. may have received constitutionally ineffective assistance from trial counsel.   Our analysis begins with the premise that defendants have a right to counsel, including a right to the effective assistance from counsel. McMann v. Richardson (1970), 397 U.S. 759, 771, 25 L.Ed.2d 763, 90 S.Ct. 1441; State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182.   To establish constitutionally ineffective

assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that such performance prejudiced the defense and deprived him of a fair trial. See Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed .2d 674, 104 S.Ct. 2052; also see State v. Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904.

{¶ 11} Appellate counsel does not point to any specific action or inaction that may constitute ineffective assistance and we have found nothing of the sort from our review of the record. Thus, the fourth potential assignment of error is thus without merit.

{¶ 12} Having reviewed the record for potential errors, as well as the potential errors that appellate counsel suggests, and having found no merit in these allegations, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate Juvenile Division, to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

T