[Cite as *State v. Halley*, 2012-Ohio-1625.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                    :   Case No.  10CA13

    vs.                                     :

ZACHARY A. HALLEY,                         :   DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                    :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:   Michael L. Barr, Little & Sheets, L.L.P., 211-213 East
Second Street, Pomeroy, Ohio 45769[1]

COUNSEL FOR APPELLEE:   C. Jeffrey Adkins, Gallia County Prosecuting Attorney, and
Eric Mulford, Gallia County Assistant Prosecuting
Attorney, Gallia County Courthouse 18 Locust Street,
Room 1267, Gallipolis, Ohio 45631

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-30-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Gallia County Common Pleas Court judgment of

conviction and sentence.  A jury found Zachary A. Halley, defendant below and appellant

herein, guilty of (1) breaking and entering in violation of R.C. 2911.13(A), and (2) aggravated

robbery in violation of R.C. 2911.01(A)(1).  Appellant assigns the following errors for review:

_____
[1] Different counsel represented appellant during the trial court proceedings.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PLAIN ERROR IN PERMITTING HEARSAY TESTIMONY TO BE ENTERED ONTO THE RECORD."

SECOND ASSIGNMENT OF ERROR:

"DEFENDANT ZACHARY HALLEY RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOR THE FOLLOWING REASONS:

A:      HIS ATTORNEY REFUSED TO ALLOW HIM TO TESTIFY TO ALIBI OR ON HIS OWN BEHALF, THEREBY LEAVING THE STATE'S EVIDENCE UNCONTESTED;

B:      HIS ATTORNEY FAILED TO MOVE THE COURT FOR AN ACQUITTAL PURSUANT TO OHIO CRIMINAL RULE 29[.]"

THIRD ASSIGNMENT OF ERROR:

"THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

FOURTH ASSIGNMENT OF ERROR:

"THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SUSTAIN CONVICTIONS OF BURGLARY AND BREAKING AND ENTERING."

FIFTH ASSIGNMENT OF ERROR:

"THE CUMULATIVE ERROR IN THE TRIAL DEPRIVED THE DEFENDANT OF A FAIR TRIAL."

{¶ 2}    On October 14, 2009, appellant and his brother, Nathan Halley, visited Clifford's Auto Parts.   Carl Clifford Stapleton, the owner of the business, and an employee, Keith Pugh, knew the Halley brothers.   In fact, appellant had previously worked for Stapelton.   The Halley brothers lingered for approximately fifteen minutes, during which time Nathan remained inside

and talked with Stapleton and Pugh, while appellant entered and exited the building several times.   After the Halley brothers left, Pugh went outside to lock an outer building.   Pugh then discovered three missing catalytic converters that had been stored inside a building prior to the Halleys' arrival.

{¶ 3}   A short time later, the Halleys appeared at "L & L," a scrap metal and recycling business, and sold three catalytic converters to Chris Lester, the owner's son, for $100. Suspecting that the Halleys may have been involved in the missing parts, and that they may have tried to sell them, Pugh visited L & L the next day.   At L & L, Pugh identified the parts that the Halleys sold to Lester as the parts he had removed the previous day, shortly, before the Halleys arrival at Clifford's Auto Parts.

{¶ 4}   The following month, Janet Jackson was working at the Dollar General Store when a man entered the store, took a Pepsi from a cooler and proceeded to the check-out counter. When Jackson opened the cash register, the man brandished a knife, demanded all of the money in the register and quickly fled the store.   Although Jackson did not recognize the man, surveillance video captured the incident.   Jonna Cutlip, another Dollar General employee, came to work the next day and viewed the video tape.   Cutlip recognized the appellant as the perpetrator.

{¶ 5}   The Gallia County Grand Jury returned an indictment that charged appellant with breaking and entering (Clifford's Auto Parts), as well as aggravated robbery (Dollar General). Appellant pled not guilty and the matter came on for jury trial on July 22, 2010.

{¶ 6}   At trial, Keith Pugh testified that the catalytic converters that appellant sold to L

& L were the same ones that he removed from cars the previous day.   Janet Jackson also identified appellant as the man who robbed Dollar General.   Additionally, Carla Durham, from the Ohio Bureau of Criminal Investigation (BCI), testified that she matched appellant's finger prints to prints on the Pepsi bottle that the perpetrator brought to the counter.

**{¶ 7}**   After hearing the evidence, the jury found appellant guilty on both counts.   The trial court sentenced appellant to serve twelve months imprisonment for breaking and entering and ten years for aggravated robbery, with the sentences to be served consecutively for a total of eleven years.   This appeal followed.

I

**{¶ 8}**   We first consider, out of order, appellant's fourth assignment of error.   Appellant asserts that insufficient evidence was   adduced at trial to support his convictions.   We disagree.


**{¶ 9}**   When appellate courts review sufficiency of the evidence claims, they must look to the adequacy of the evidence and whether that evidence, if believed, supports a finding of guilt beyond a reasonable doubt.   State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 1997-Ohio-52; State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.   In other words, after viewing all of the evidence, and each inference reasonably drawn therefrom, in a light most favorable to the prosecution, would any rational trier of fact have found all essential elements of the offense beyond a reasonable doubt?   State v. Were, 118 Ohio St.3d 448, 890 N.E.2d 263, 2008-Ohio- 2762, at ¶ 132; State v. Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, at ¶34.   For the following reasons, we conclude that sufficient evidence was adduced at trial to support appellant's conviction.

{¶ 10} R.C. 2911.13(A) proscribes the trespass into an unoccupied structure, by stealth or deception, to commit a theft offense.   The evidence reveals that Pugh placed three catalytic converters into an out-building shortly before the Halleys visited Clifford's Auto Parts.   Nathan Halley stayed in the office, while appellant went in and out of the building several times. Shortly after the Halleys left, those parts were discovered to be missing.   About an hour later, the Halleys sold three catalytic converters to L & L.   When Pugh inspected those parts the next day, he identified them as the ones he removed from cars the previous day.   This evidence, if believed, is sufficient to prove that appellant trespassed into the out-building and stole the parts.

{¶ 11} Appellant argues that this evidence is "weak, circumstantial evidence" at best. However, circumstantial evidence possesses the same probative value as direct evidence.   Jenks, supra, at paragraph one of the syllabus; also see State v. Rhoads, Highland App. No. 08CA25, 2009-Ohio-4180, at ¶22.   Whether evidence is direct in nature or circumstantial, the jury is being asked to do the same thing: "weigh the chances that the evidence . . . correctly points to guilt" and "use its experience with people and events in weighing the probabilities." Holland v. United States (1954), 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150; also see State v. Terry, 186 Ohio App.3d 670, 929 N.E.2d 1111, 2010-Ohio-1604, at ¶23.   The fact that Pugh placed these parts into the out-building shortly before the Halleys arrived, that the parts were missing soon after they left, and the fact that the Halleys sold three catalytic converters to L & L a short time later – provides sufficient evidence upon which the trier of fact could render a guilty verdict on breaking and entering.

{¶ 12} As to the Dollar General robbery, the gist of appellant's insufficiency claim is that

Jackson did not provide a sufficiently accurate description of the assailant.[2]  However, any discrepancy in the witness's description goes to the credibility and weight of the evidence rather than its sufficiency.   Furthermore, we remind appellant that (1) Jonna Cutlip, another Dollar General employee, recognized him on the surveillance video; and (2) the Pepsi bottle he brought to the cashier, then abandoned when he fled the store, exhibited his prints.

{¶ 13}  After our review of the evidence adduced at trial, we believe that the evidence is more than sufficient to establish each element of the crimes beyond a reasonable doubt and find him guilty of the charged crimes.   Accordingly, for these reasons we hereby overrule appellant's fourth assignment of error.

II

{¶ 14}  We now turn to appellant's third assignment of error wherein he asserts that his breaking and entering conviction is against the manifest weight of the evidence.   In particular, appellant argues that no one actually saw him take the parts, that the case against him is circumstantial and that Pugh could not identify the parts at L & L with absolute certainty as the same ones he removed from vehicles the previous day.   Appellant claims that the parts contained no serial numbers or other identifying marks.   Again, we disagree.

{¶ 15}  Appellate courts will not reverse a conviction as being against the manifest weight of the evidence unless it is obvious that the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.   See State v. Earle (1997), 120 Ohio App.3d 457, 473, 698 N.E.2d 440; State v. Garrow (1995), 103 Ohio

---

[2] Jackson described the perpetrator as having blond hair, while others described the hair color as brown.

App.3d 368, 370–371, 659 N.E.2d 814.   Also, evidence weight and witness credibility are issues that the trier of fact must determine.   See State v. Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763, 1998-Ohio-234; State v. Williams (1995), 73 Ohio St.3d 153, 165, 652 N.E.2d 721, 1995-Ohio-275.   The justification for this is obvious: the trier of fact (in this case, the jury) is in a better position than an appellate court to view Pugh, to observe his demeanor, gestures and voice inflections and to use those observations to weigh his credibility. Myers v. Garson (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742, 1993-Ohio-9; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.[3]

{¶ 16} The jury was free to believe all, part or none of Pugh's testimony.   See Rogers v. Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591.

{¶ 17} We further note that even without Pugh's identification of the converters that appellant sold to L & L as the parts that he had removed from vehicles the previous day, the circumstantial case against appellant is nevertheless very strong.   Within approximately one hour, three catalytic converters were placed in an out building, disappeared from that building and were sold by the Halleys to L & L.   Pugh testified that Clifford's Auto Parts had no other customers after the Halley brothers left.   After our review, we are simply not persuaded that in this case the jury lost its way and created a manifest miscarriage of justice.   We believe that ample competent, credible evidence supports appellant's convictions.

---

[3]As we noted in our discussion of appellant's fourth assignment of error, direct evidence (i.e. a visual observation of appellant stealing the converters) is not necessary for a finding of guilt.    As for Pugh's identification of the converters even though no serial numbers were present on the parts, this is also a question of weight and credibility.    Pugh described the parts and his involvement with the vehicles.

{¶ 18} Accordingly, based upon the foregoing reasons we hereby overrule appellant's third assignment of error.

III

{¶ 19} We now turn to appellant's first assignment of error. Appellant asserts that the trial court committed plain error by allowing hearsay testimony to come into evidence and, in particular, he points to the testimony of a Gallipolis police officer who recounted how Jonna Cutlip, the other employee at Dollar General, recognized him from the surveillance video.

{¶ 20} As a general proposition of law, appellant is correct that hearsay is generally inadmissible. See Evid.R. 802. Hearsay is defined, in pertinent part, as a statement, other than one made by the declarant testifying at the trial "offered in evidence to prove the truth of the matter asserted."

{¶ 21} In the case sub judice, we do not accept appellant's assertion that the testimony at issue constitutes inadmissible hearsay. Evid.R. 801(D) sets forth statements that are not hearsay, and Section (1)(C) includes the identification of a person soon after perceiving the person, if the circumstances demonstrate the reliability of the prior identification.

{¶ 22} Further, even if we assume, for purposes of argument, that Holcomb's testimony included hearsay, we would not find plain error in this case. It is well-settled that notice of Crim.R. 52(B) plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus. More important, to find plain error we must be able to say that, but for the error, the outcome of the trial clearly would have been otherwise.

Id. at paragraph two of the syllabus; State v. McCausland, 124 Ohio St.3d 8, 918 N.E.2d 507, 2009–Ohio–5933, at ¶ 15; State v. Braden, 98 Ohio St.3d 354, 785 N.E.2d 439, 2003–Ohio–1325, at ¶50; State v. Sanders (2001), 92 Ohio St.3d 245, 263, 750 N.E.2d 90, 2001-Ohio-189.   In the case sub judice, in light of the fact that Jackson selected appellant from a photographic line up, as well as appellant's finger prints on the Pepsi bottle that the assailant handled just before he robbed the store, we cannot conclude that the outcome of this trial would have been different if the alleged hearsay had been excluded.   Moreover, we also conclude that in view of the evidence adduced at trial, this alleged error would be harmless beyond a reasonable doubt.   Harmless error is appropriate when overwhelming evidence of guilt exists or some other indicia that the error did not contribute to the conviction.   State v. Chambers, Butler App. No. CA2010-06-136, 2011-Ohio-1187, ¶50, citing State v. Ferguson (1983), 5 Ohio St.3d 160, __ N.E.2d __.    Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first assignment of error.

III

{¶ 23}  In his second assignment of error, appellant asserts that his trial counsel provided him with constitutionally ineffective legal assistance.

{¶ 24}  Our analysis of appellant's argument begins with the settled premise that a criminal defendant has a constitutional right to counsel, and this right includes the right to effective assistance from counsel.  McMann v. Richardson (1970), 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763; In re C.C., Lawrence App. No. 10CA44, 2011-Ohio-1879, at ¶10.   To establish a claim of ineffective assistance of counsel, a defendant must show (1) his counsel's deficient performance, and (2) such deficient performance prejudiced the defense and deprived

the defendant of a fair trial.   See e.g. Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; also see State v. Perez, 124 Ohio St.3d 122, 920 N.E.2d 104, 2009–Ohio–6179, at ¶200. However, both prongs of the   Strickland test need not be analyzed if a claim can be resolved under just one.   State v. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52, 2000-Ohio-448; also see State v. Saultz, Ross App. No. 09CA3133, 2011-Ohio-2018, at ¶19.   In other words, if it can be shown that an error does exist, but did not prejudice an appellant, the ineffective assistance claim can be resolved on that basis alone.   To establish the existence of prejudice, a defendant must generally show that a reasonable probability exists that, but for counsel's alleged error, the result of the trial would have been different.   See State v. White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.

{¶ 25}   At the outset, we note that even if appellant could establish that his trial counsel's representation was deficient in some respects,   we are not persuaded that the outcome of his trial would have been otherwise.   Most of appellant's arguments are based upon speculation and, as we have held many times, the prejudice prong of Strickland must be affirmatively proven rather than simply assumed.   See State v. Hughes, Athens App. No. 08CA19, 2010–Ohio–2969, at ¶ 27; State v. Clark, Pike App. No. 02CA684, 2003–Ohio–1707, at ¶ 22; State v. Tucker (Apr. 2, 2002), Ross App. No. 01 CA2592.   With this information in mind, we turn our attention to the specific instances of the alleged ineffective assistance.

{¶ 26}   First, appellant argues that his trial counsel was deficient by "refus[ing] to allow him to testify to alibi or on his own behalf."   Appellant, however, cites nothing in the record to substantiate his underlying premise that he wanted to testify, but that trial counsel denied him the

opportunity.   Second, a criminal defendant that opts to not take the witness stand is oftentime sound trial strategy.   Damaging information may be elicited from the criminal defendant witness, especially during cross-examination.   Trial tactics, even debatable ones, are not generally viewed as ineffective assistance.   State v. Westbrook, Scioto App. No. 09CA3277, 2010-Ohio-2692, at ¶30; State v. Madden, Adams App. No. 09CA883, 2010-Ohio-176, at ¶25; State v. Lewis, Pickaway App. No. 09CA7, 2010-Ohio-130, at ¶21.   Finally, appellant claims that he had an alibi defense to present, but that his counsel prevented him from doing so.   Our review of the record, however, reveals nothing to remotely establish that any such alibi existed. If so, such information is outside the record and could form the basis for a challenge other than a direct appeal.

**{¶ 27}** Appellant also argues that his counsel was ineffective because he did not move for a Crim.R. 29 motion for judgment of acquittal at the conclusion of the prosecution's case. However, this inaction would constitute error only if any reasonable chance existed that such a motion would have been granted.   Here, appellant does not assert that such a motion would have, in fact, been granted.   Moreover, in light of our previous discussion of the evidence adduced at trial, we are not persuaded that the trial court would have granted the request.   It is axiomatic that trial counsel is not required to perform a vain act in order to avoid an ineffective assistance claim.   State v. Sowards, Gallia App. No. 09CA8, 2011-Ohio-1660, at ¶20; State v. Caldwell, Cuyahoga App. No. 80556, 2002–Ohio– 4911, at ¶ 37; State v. Carter (Jul. 23, 1986), Hamilton App. No. C–840121.   Consequently, appellant has not demonstrated any prejudice resulting from his trial counsel's representation.

**{¶ 28}** Accordingly, we hereby overrule appellant's second assignment of error.

V

**{¶ 29}** Appellant's final assignment of error asserts that his convictions should be reversed under the cumulative error doctrine.   Appellant, however, has not persuaded us that any error occurred.   Thus, the cumulative error doctrine is inapplicable.   State v. Wharton, Ross App. No. 09CA3132, 2010-Ohio-4775 at ¶6; State v. DiCarlo, Scioto App. No. 09CA3301, 2010-Ohio-3759, at ¶32.   Therefore, we hereby overrule appellant's fifth assignment of error.

**{¶ 30}** Accordingly, based upon the foregoing reasons, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Kline, J., concurring.

**{¶ 31}** I concur in judgment and opinion with the second, third, fourth, and fifth assignments of error.   But I respectfully concur in judgment only with the first assignment of error.   The majority states that, under Evid.R. 801(D)(1)(c), the Gallipolis police officer did not provide inadmissible hearsay when he recounted that Jonna Cutlip indicated that she recognized Halley from the surveillance video.

**{¶ 32}** I conclude that Evid.R. 801(D)(1)(c) does not apply to this case.   Evid.R. 801(D)(1)(c) provides, in relevant part, as follows: "A statement is not hearsay if: (1) * * * *The declarant testifies at trial or hearing and is subject to cross-examination concerning the statement*, and the statement is * * * (c) one of identification of a person soon after perceiving the person, if the circumstances demonstrate the reliability of the prior identification."   (Emphasis

added.)

**{¶ 33}** Here, Cutlip (i.e., the declarant) did not testify at trial or a hearing, and she was not subject to cross-examination.   Thus, Evid.R. 801(D)(1)(c) does not apply to any statement she may have made to the police officer indicating that Halley was the suspect in the surveillance video.   As a result, Evid.R. 801(D)(1)(c) cannot be the basis to conclude that Cutlip's statements were not hearsay.  *See State v. White*, 2d Dist. No. 20324, 2005-Ohio-212, ¶ 42.

**{¶ 34}** I do agree, however, that considering the overwhelming evidence against Halley, there was no reasonable possibility that the error, if any, contributed to Halley's conviction. Accordingly, even assuming there was an error, the error was harmless beyond reasonable doubt.  *See State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 78.

**{¶ 35}** As a result, I concur in judgment only with the first assignment of error.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment & Opinion
Kline, J.: Concurs in Judgment & Opinion as to Assignment of        Errors 2,3, 4 & 5 and Concurs in Judgment Only with Opinion         as to Assignment of Error 1

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.