[Cite as *State v. McCoy*, 2020-Ohio-1083.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.  19CA1 |
| vs. | : | |
| JASON B. MCCOY, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Jeremy Masters, Assistant State Public Defender, Columbus, Ohio, for appellant.

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Heather MJ Carter, Assistant Pickaway County Prosecuting Attorney, Circleville, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:  3-18-20
ABELE, J.

{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence.  Jason B. McCoy, defendant below and appellant herein, assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"JASON MCCOY WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW BY THE ADMISSION OF IRRELEVANT AND HIGHLY PREJUDICIAL PHOTOGRAPHS, DOCUMENTS, AND TESTIMONY AT TRIAL, IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, AND OHIO RULES OF EVIDENCE 402 AND 403."

SECOND ASSIGNMENT OF ERROR:

"TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT VIOLATED JASON MCCOY'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTION FOR KIDNAPPING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 2} In early 2018, Pickaway County Children Services investigated allegations of child abuse that occurred in the household where appellant resided during the fall of 2017. Subsequently, a Pickaway County Grand Jury returned an indictment that charged appellant with (1) felonious assault, in violation of R.C. 2903.11(A)(1); (2) kidnapping, in violation of R.C. 2905.01(A)(3); and (3) endangering children, in violation of R.C. 2919.22(B)(1). Appellant entered not guilty pleas.

{¶ 3} At trial, caseworker Mikki Vinkovich testified that she visited Martha Lemaster's home in response to a referral that Lemaster had been handcuffing and withholding food from a child (C.H.). Vinkovich observed marks around C.H.'s wrists as if "something had been tied around her wrists" and noted that C.H.'s feet were a "purplish blue color." Vinkovich explained that she attempted to speak privately with Martha Lemaster, but Lemaster stated that C.H. "had heard [the allegations] before." After Vinkovich advised Lemaster that children services received a referral that Lemaster had been handcuffing C.H. to a door, C.H. exclaimed, "Yep! Yep!," Lemaster then "shot [C.H.] a look" and C.H. stated, "no, Granny wouldn't do that." Vinkovich stated that she also asked to see C.H.'s body and observed bruises on her knees,

"swollen and purple" feet, sores that covered the fronts of her legs, protruding hip bones, long and yellow toe nails, thinning hair, "chunks of hair * * * pulled from her head," and that C.H.'s "little face was sunk in." Vinkovich then took the child to Nationwide Children's Hospital where medical staff noted multiple injuries, in various stages of healing, and suspected child abuse.

{¶ 4} Twelve-year-old Kr.L., who lived in the Lemaster household during the time that C.H. and appellant lived there, stated that appellant "would like do mean stuff." Kr.L. elaborated as follows: "When [C.H.] would get in trouble [appellant] would make her stand in front of him and hold college books on her arms." She stated that appellant also made C.H. "eat [D.H.]'s poop from his diaper." Also, ten-year-old K.L. testified that appellant made C.H. "stand on her tippy toes and hold books."

{¶ 5} The two younger children's half-sibling, twenty-year-old Andrew Lemaster, also testified and stated that appellant (1) made C.H. stand in the corner, sometimes "all day and all night," (2) made C.H. stand "on her tiptoes with her arms above her head," and (3) often zip tied C.H.'s hands and feet and appellant sometimes zip tied C.H. to a mattress while C.H. slept. Lemaster also stated that he noticed bruises and cuts on C.H.'s arms and ankles from the zip ties.

{¶ 6} Dr. Farah Brink testified that she evaluated C.H. for "complications of the face" and "trauma." Dr. Brink noted that C.H. had bruising to her face, eye, and jaw line; mouth injuries; multiple abrasions and healing lacerations; alopecia; and swelling of her hands and feet. Dr. Brink reported that the medical team had concerns about physical abuse and referred the matter to children services.

{¶ 7} Dr. Colleen Bressler stated that her evaluation of C.H. revealed extensive bruising and abrasions over her limbs, head, face, and scalp; alopecia; malnutrition; swelling and discoloration to the feet; and ligature marks on her wrists.

{¶ 8} At the conclusion of the trial the jury found appellant guilty of kidnapping, but not guilty of felonious assault and endangering children. The trial court sentenced appellant to serve four years in prison. This appeal followed.

I

{¶ 9} For ease of discussion, we first consider appellant's third assignment of error wherein appellant asserts that his kidnapping conviction is against the manifest weight of the evidence. Although appellant recognizes that the evidence shows that the child "was clearly abused and mistreated," appellant contends that the evidence does not clearly show who abused and mistreated the child and, thus, the jury lost its way in finding him guilty of kidnapping. Appellant observes that the state's case rested largely upon two child witnesses who resided in the same household with C.H. and appellant, and upon the testimony of an adult relative who also lived in the household. Appellant argues that the witnesses' testimony is unreliable and that the jury lost its way by crediting their testimony.

{¶ 10} We observe that the "question to be answered when a manifest-weight issue is raised is whether 'there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81, quoting *State v. Getsy*, 84 Ohio St.3d 180, 193–194, 702 N.E.2d 866 (1998), citing *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus. A court that is considering a manifest-weight challenge must "'review the

entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses.'" *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 208, quoting *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 328. The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008-Ohio-1744, ¶ 31. "'Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility.'" *Barberton v. Jenney*, 126 Ohio St.3d 5, 2010-Ohio-2420, 929 N.E.2d 1047, ¶ 20, quoting *State v. Konya*, 2nd Dist. Montgomery No. 21434, 2006-Ohio-6312, ¶ 6, quoting *State v. Lawson*, 2nd Dist. Montgomery No. 16288 (Aug. 22, 1997). As the *Eastley* court explained:

> "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment must be made in favor of the judgment and the finding of facts. * * *
> If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.'"

*Id.* at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn.3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978). Thus, an appellate court will leave the issues of evidence weight and credibility to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer*, 4th Dist. Pickaway No. 11CA9, 2012-Ohio-1282, ¶ 24; *accord State v. Howard*, 4th Dist. Ross No. 07CA2948, 2007-Ohio-6331, ¶ 6 ("We will not intercede as long as the trier of fact has some factual and rational basis for its determination of credibility and weight.").

{¶ 11} Therefore, if the prosecution presented substantial credible evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. *E.g., Eley. Accord Eastley* at ¶ 12, quoting *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting Black's Law Dictionary 1594 (6th ed.1990) (explaining that a judgment is not against the manifest weight of the evidence when """the greater amount of credible evidence""" supports it). A court may reverse a judgment of conviction only if it appears that the fact-finder, when resolving the conflicts in evidence, "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); *accord McKelton* at ¶ 328. A reviewing court should find a conviction against the manifest weight of the evidence only in the "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717; *accord State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 166; *State v. Lindsey*, 87 Ohio St.3d 479, 483, 721 N.E.2d 995 (2000).

{¶ 12} After our review in the case at bar, we believe that the state presented substantial credible evidence, upon which the trier of fact reasonably could conclude beyond a reasonable doubt, that the essential elements of kidnapping had been established. R.C. 2905.01(A)(3) contains the elements of kidnapping as charged in the case sub judice and provides:

> (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove

another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

* * * *

(3) To terrorize, or to inflict serious physical harm on the victim or another[.]

The word "terrorize" means "'to fill with terror or anxiety'" or to "impress with terror, fear or to coerce by intimidation." *State v. McDougler*, 8th Dist. Cuyahoga No. 86152, 2006-Ohio-100, 2006 WL 62572, ¶ 16; *State v. Vigil*, 8th Dist. Cuyahoga No. 103940, 2016-Ohio-7485, ¶ 22.

{¶ 13} R.C. 2901.01(A)(5) defines "[s]erious physical harm to persons" as follows:

(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

(b) Any physical harm that carries a substantial risk of death;

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶ 14} Here, appellant appears to limit his argument to the assertion that the evidence fails to show that he restrained the victim's liberty with the purpose to inflict serious physical harm. In particular, appellant contends that the evidence fails to show that he is the individual responsible for the child's injuries.

{¶ 15} We first point out that R.C. 2905.01(A)(3), the statute under which the state charged appellant, contains two alternate scenarios that may support a kidnapping offense: (1) kidnapping with the purpose of terrorizing the victim, or (2) kidnapping with the purpose of inflicting serious physical harm upon the victim or upon another. Thus, in the case at bar we may uphold appellant's conviction if the evidence supports either scenario. After our review,

we believe that in the case sub judice, the state presented substantial credible evidence that, if believed, established that appellant restrained C.H.'s liberty so as to terrorize her or so as to inflict serious physical harm. Andrew Lemaster testified that he observed appellant use zip ties to restrain C.H. and that appellant also restrained C.H. to a mattress. Lemaster additionally stated that (1) he observed bruises on C.H.'s arms and legs from the zip ties, and (2) appellant forced C.H. to stand in a corner, sometimes for hours on end. Lemaster's testimony, if believed, establishes that appellant restrained C.H.'s liberty, and did so with the purpose to terrorize or to inflict serious physical harm.

{¶ 16} Although appellant challenges Lemaster's credibility, we emphasize that ordinarily credibility is a matter for the trier of fact to decide. Unlike the trier of fact, an appellate court does not have the opportunity to view a witness's demeanor, gestures, or manner of speaking and to use those observations to evaluate a witness's truthfulness. Appellate courts thus typically refrain from second-guessing a trier of fact's credibility determination. Here, we find nothing in the record to indicate that the jury, sitting as the trier of fact in this matter, clearly lost its way by crediting Lemaster's testimony or the testimony of the other witnesses. We do not believe that the case at bar is one of those rare cases in which a manifest miscarriage of justice would result if we allow appellant's conviction to stand.

{¶ 17} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.

II

{¶ 18} In his first assignment of error, appellant asserts that the trial court's decision to admit into evidence certain photographs, documents, and testimony violated his right to a fair

trial and to due process of law. In particular, appellant claims that certain evidence was irrelevant and highly prejudicial. Appellant recognizes, however, that trial counsel did not properly preserve the issue for appeal, thus appellant contends that the trial court plainly erred by admitting certain evidence that the state produced.

A

{¶ 19} Initially, we point out that appellate courts ""*"will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."*" *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. Appellate courts nevertheless have discretion to consider forfeited issues using a plain-error analysis. *E.g., Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 27; *Quarterman* at ¶ 16. Crim.R. 52(B) provides appellate courts with discretion to correct "[p]lain errors or defects affecting substantial rights." "To prevail under the plain-error standard, a defendant must show that an error occurred, that it was obvious, and that it affected his substantial rights," i.e., the trial court's error must have affected the outcome of the trial. *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 62, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. "We take '[n]otice of plain error * * * with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Obermiller* at ¶ 62, quoting *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). "Reversal is warranted only if the outcome of the

trial clearly would have been different absent the error." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001).

B

{¶ 20} The admission or exclusion of evidence generally rests within a trial court's sound discretion. *E.g., State v. Crotts*, 104 Ohio St.3d 432, 2004–Ohio–6550, 820 N.E.2d 302, ¶ 25; *State v. Noling*, 98 Ohio St.3d 44, 781 N.E.2d 88, 2002–Ohio–7044, ¶ 43. Thus, absent an abuse of discretion, an appellate court will not disturb a trial court's ruling regarding the admissibility of evidence. *Id.* We point out that an abuse of discretion implies that a court's attitude is unreasonable, arbitrary, or unconscionable. *E.g., Adams, supra.* Furthermore, as a general rule, all relevant evidence is admissible. Evid.R. 402. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401 and Evid.R. 402. A trial court must, however, exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403. A trial court has broad discretion to determine whether to exclude evidence under Evid.R. 403(A), and "'an appellate court should not interfere absent a clear abuse of that discretion.'" *State v. Yarbrough*, 95 Ohio St.3d 227, 2002–Ohio–2126, 767 N.E.2d 216, ¶ 40.

{¶ 21} Evid.R. 403(A) "manifests a definite bias in favor of the admission of relevant evidence, as the dangers associated with the potentially inflammatory nature of the evidence must substantially outweigh its probative value before the court should reject its admission." *State v. White*, 4th Dist. Scioto No. 03CA2926, 2004–Ohio–6005, ¶ 50. Thus, "[w]hen determining

whether the relevance of evidence is outweighed by its prejudicial effects, the evidence is viewed in a light most favorable to the proponent, maximizing its probative value and minimizing any prejudicial effect to the party opposing admission." *State v. Lakes*, 2nd Dist. Montgomery No. 21490, 2007–Ohio–325, ¶ 22.

{¶ 22} We also emphasize that, to some degree, all relevant evidence may be prejudicial in the sense that it "tends to disprove a party's rendition of the facts" and, thus, "necessarily harms that party's case." *Crotts* at ¶ 23. Evid.R. 403(A) does not, however, "attempt to bar all prejudicial evidence." *Id.* Instead, the rules provide that only unfairly prejudicial evidence is excludable. *Id.* "'Evid.R. 403(A) speaks in terms of unfair prejudice. Logically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid.R. 403 prohibits.'" *State v. Skatzes*, 104 Ohio St.3d 195, 2004–Ohio–6391, 819 N.E.2d 215, ¶ 107, quoting *State v. Wright*, 48 Ohio St.3d 5, 8, 548 N.E.2d 923 (1990). "'Unfair prejudice' does "not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis."'" *State v. Lang*, 129 Ohio St.3d 512, 2011–Ohio–4215, 954 N.E.2d 596, ¶ 89, quoting *United States v. Bonds*, 12 F.3d 540 (6th Cir.1993). Unfairly prejudicial evidence is evidence that "might result in an improper basis for a jury decision." *Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172, 743 N.E.2d 890 (2001), quoting Weissenberger's Ohio Evidence (2000) 85–87, Section 403.3. It is evidence that arouses the jury's emotions, that "'evokes a sense of horror,'" or that "'appeals to an instinct to punish.'" *Id.* "'Usually, although not always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect.'" *Id.* Thus, "[u]nfavorable evidence is not equivalent to

unfairly prejudicial evidence." *State v. Bowman*, 144 Ohio App.3d 179, 185, 759 N.E.2d 856 (12th Dist.2001).

**{¶ 23}** In the case sub judice, after our review we do not believe that the trial court's decision to allow the state to introduce the complained-of evidence constitutes reversible error. Initially, we recognize and acknowledge that appellant did not reside with the victim during January 2018. However, four January 2018 photographs, of which appellant complains, are similar to the seven other equally disturbing October 2017 photographs that the trial court admitted into evidence. We also point out that even if we assume, arguendo, that the photographs that depict the child's January 2018 condition are not relevant, we perceive no danger that the jury found appellant guilty of kidnapping upon an improper basis. Instead, the jury's verdict reveals that it gave the evidence careful consideration and did not evaluate the question of appellant's guilt based upon inflamed passion aroused by the emotions or horror from viewing the injuries depicted in the January 2018 photographs. After the jury reviewed the evidence and counsels' arguments, the jury found appellant not guilty of felonious assault and child endangering, but guilty of kidnapping. Thus, we do not believe that the complained-of photographs influenced the jury's decision. Rather, as we explain earlier in this opinion, we believe that the record contains substantial credible evidence to support appellant's kidnapping violation.

**{¶ 24}** For similar reasons, we believe that any arguable error that the trial court may have committed by admitting medical evidence and testimony that surrounded the child's January 2018 injuries does not warrant reversal. Instead, we again point out that we believe that the

record contains substantial credible evidence to support appellant's kidnapping conviction and the jury was not swayed as a result of the January 2018 injury evidence.

{¶ 25} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II

{¶ 26} In his second assignment of error, appellant asserts that his trial counsel performed ineffectively by failing to object to the evidence regarding the child's January 2018 condition.

{¶ 27} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Hinton v. Alabama*, 571 U.S. 263, 272, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014) (explaining that the Sixth Amendment right to counsel means "that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence").

{¶ 28} To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *E.g., Strickland*, 466 U.S. at 687; *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 183; *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 85. "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14. Therefore, if one element is dispositive, a court need not analyze both. *State v. Madrigal*,

87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the ineffective-assistance-of-counsel elements "negates a court's need to consider the other").

{¶ 29} The deficient performance part of an ineffectiveness claim "is necessarily linked to the practice and expectations of the legal community: 'The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), quoting *Strickland*, 466 U.S. at 688; *accord Hinton*, 571 U.S. at 273. Prevailing professional norms dictate that "a lawyer must have 'full authority to manage the conduct of the trial.'" *State v. Pasqualone*, 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270, ¶ 24, quoting *Taylor v. Illinois*, 484 U.S. 400, 418, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). Furthermore, "'[i]n any case presenting an ineffectiveness claim, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'" *Hinton*, 571 U.S. at 273, quoting *Strickland*, 466 U.S. at 688. Accordingly, "[i]n order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95 (citations omitted). Moreover, when considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* Additionally, "[a] properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477

N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed * * * by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *e.g., State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62; *State v. Hamblin*, 37 Ohio St.3d 153, 156, 524 N.E.2d 476 (1988).

{¶ 30} We further observe that the decision to object or not to object at trial ordinarily constitutes a question of trial strategy. *State v. Frierson*, 8th Dist. Cuyahoga No. 105618, 2018-Ohio-391, ¶ 25, citing *State v. Johnson*, 7th Dist. Jefferson No. 16 JE 0002, 2016-Ohio-7937, ¶ 46. Accordingly, "the failure to make objections is not alone enough to sustain a claim of ineffective assistance of counsel." *Conway* at ¶ 103.

> Experienced trial counsel learn that objections to each potentially objectionable event could actually act to their party's detriment. * * * In light of this, any single failure to object usually cannot be said to have been error unless the evidence sought is so prejudicial * * * that failure to object essentially defaults the case to the state. Otherwise, defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice.

*State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, at ¶ 140.

{¶ 31} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that "'but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the outcome.'" *Hinton*, 571 U.S. at 275, quoting *Strickland*, 466 U.S. at 694; *e.g., State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus; *accord State v. Spaulding*, 151 Ohio St.3d 378,

2016-Ohio-8126, 89 N.E.3d 554, ¶ 91 (indicating that prejudice component requires a "but for" analysis). "'[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" *Hinton*, 571 U.S. at 275, quoting *Strickland*, 466 U.S. at 695. Furthermore, courts ordinarily may not simply presume the existence of prejudice but, instead, must require the defendant to affirmatively establish prejudice. *State v. Clark*, 4th Dist. Pike No. 02CA684, 2003-Ohio-1707, ¶ 22; *State v. Tucker*, 4th Dist. Ross No. 01CA2592 (Apr. 2, 2002); *see generally Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2008) (observing that prejudice may be presumed in limited contexts, none of which are relevant here). As we have repeatedly recognized, speculation is insufficient to establish the prejudice component of an ineffective assistance of counsel claim. *E.g., State v. Tabor*, 4th Dist. Jackson No. 16CA9, 2017-Ohio-8656, 2017 WL 5641282, ¶ 34; *State v. Jenkins*, 4th Dist. Ross No. 13CA3413, 2014-Ohio-3123, ¶ 22; *State v. Simmons*, 4th Dist. Highland No. 13CA4, 2013-Ohio-2890, ¶ 25; *State v. Halley*, 4th Dist. Gallia No. 10CA13, 2012-Ohio-1625, ¶ 25; *State v. Leonard*, 4th Dist. Athens No. 08CA24, 2009-Ohio-6191, ¶ 68; *accord State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 86 (stating that an argument that is purely speculative cannot serve as the basis for an ineffectiveness claim).

{¶ 32} After our review in the case sub judice, even if we assume, for purposes of argument, that trial counsel performed deficiently by failing to object to the January 2018 evidence, we do not believe that appellant can show that a reasonable probability exists that the outcome of the trial would have been different. Rather, as we explain in our discussion of appellant's third and first assignments of error, we believe that the remaining evidence, if

believed, supports the judgment of conviction. Obviously, the trier of fact opted to believe the evidence submitted regarding the kidnapping violation, but did not believe, based upon their consideration of the evidence, that appellant committed the offenses of felonious assault and endangering children. Consequently, we do not believe that absent the complained of evidence, the result of this trial would have been different.

{¶ 33} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.

                                                                              JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.  The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.  The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.  Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.